**BURSOR & FISHER, P.A.**
Joel Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: jsmith@bursor.com
      ykrivoshey@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM KURSHAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Sam Kurshan, individually and on behalf of all others similarly situated, alleges the following based on information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge:

**NATURE OF ACTION**

1. Across the United States, insurers selling personal auto insurance in 2020 collected **$42 billion** in excess premiums as miles driven, vehicle crashes, and auto insurance claims dropped because of the COVID-19 pandemic and related government stay-at-home orders. Instead of returning the COVID-19 windfall to consumers, insurers increased payouts to senior management and stockholders. The California Insurance Commissioner ordered insurance companies to return premiums to Californians. The insurance companies are defying that order.

2. Safeco Insurance Company Of America ("Safeco" or "Defendant"), like many other auto insurers in California and nationwide, has used the COVID-19 pandemic to enrich itself by retaining millions in a windfall resulting from the drastic decrease in driving, accidents, and auto risks associated with pandemic-related shutdowns and stay-at-home orders.

3. Before the pandemic and government shutdowns, Safeco collected full premiums for car insurance that were priced to insure against driving risks and behavior associated with pre-pandemic behavior.

4. In March 2020, however, as California and other states enacted shelter-in-place mandates and the vast majority of the workplace switched either to remote work – or no work at all, it became clear immediately that car insurance companies like Safeco stood to make immense windfalls if they fail to issue refunds to their customers.

5. Safeco made a one-time refund of 15% for two months of premiums in 2020 to placate orders issued by the California Department of Insurance. Safeco pocketed the rest of the premiums as profit.

6. Although the California Department of Insurance later instructed California insurers like Safeco to issue more refunds, Safeco has refused and kept the ill-gotten gains in its coffers.

7. Safeco's unfair application of rates approved prior to the beginning of COVID-19 pandemic is manifestly unfair and violates California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq*. (the "UCL"), as alleged herein.

8. Plaintiff seeks relief in this action individually and on behalf of all similarly situated persons in California for Safeco's unfair and unlawful conduct, and asserts a claim for violations of the UCL.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class Members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class Member is a citizen of a state different from at least one Defendant.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this District, Plaintiff purchased insurance in this District, and the wrongful conduct at issue occurred in this District with respect to Plaintiff and other putative class members living in this District.

11. This Court has personal jurisdiction over Defendant because it conducts substantial business within California, including by insuring Californians in this District and throughout the state. A substantial portion of the events giving rise to Plaintiff's claims occurred in this State.

## PARTIES

**Plaintiff**

12. At all relevant times, Plaintiff Sam Kurshan was domiciled in Vallejo, California.

13. Plaintiff Kurshan purchased insurance for his personal automobile in California from Safeco before the start of the COVID-19 pandemic and its associated government shutdown and stay-at-home orders.

14. Plaintiff Kurshan paid for his policy premium in full.

15. During the duration of the COVID-19 pandemic in 2020, Plaintiff Kurshan, like most other Californians, barely drove his personal automobile at all and accordingly exposed his car, himself, and the general public to far less risks than what was expected prior to the COVID-19 pandemic.

16. Safeco provided insureds with a one-time refund approximating 15% of auto insurance premiums.

17. The refund provided by Safeco was not sufficient to compensate for the overpayment of premiums due to the associated decrease in driving and risks stemming from the COVID-19 pandemic. Hence, Plaintiff Kurshan suffered an injury in fact resulting in the loss of money and/or property.

**Defendant**

18. Defendant Safeco is a Washington corporation with its principal place of business and headquarters located in Dover, New Hampshire.

19. At all times relevant hereto, Safeco was in the business of providing, *inter-alia*, insurance services to individuals in California. Safeco collected, and failed to adequately refund, car insurance premiums in California.

**CALIFORNIA INSURANCE COMMISIONER ACTIONS**

20. On April 13, 2020, the California Insurance Commissioner Ricardo Lara issued Bulletin 2020-3.[1] At that time, the Commissioner stated:

> Insurance Commissioner Ricardo Lara recognizes that the COVID-19 pandemic has caused an unprecedented challenge for California's businesses and residents. In response to the COVID-19 pandemic, Governor Gavin Newsom on March 4, 2020 declared a statewide State of Emergency. Californians were ordered to "shelter-in-place" shortly thereafter.
>
> The COVID-19 pandemic has severely curtailed activities of policyholders in both personal and commercial lines. As a result, projected loss exposures of many insurance policies have become overstated or misclassified. This is especially true for policies where premiums are

---

[1] http://www.insurance.ca.gov/0250-insurers/0300-insurers/0100-applications/rsb-forms/2020/upload/Covid19CABulletin2020-3.pdf

based partly on measures of risk such as number of miles driven, revenue, and payrolls which have all dropped significantly because of COVID-19.

According to UC Davis' Special Report on Impact of COVID-19 on California Traffic Accidents, reduced driving has resulted in fewer accidents, injuries, and fatalities on public highways and roads. In addition, the Consumer Federation of California Education Foundation (CFC) on March 23, 2020, submitted to the Insurance Commissioner a Petition for Hearing to redress excessive automobile insurance rates and premiums caused by the COVID-19 pandemic. Commissioner Lara agrees that the overall risk of loss for private passenger automobile insurance is lower due to the pandemic, however, the Commissioner also recognizes that these reductions in risk extend beyond the automobile line of insurance referenced in the Petition. Accordingly, this Bulletin requires broader premium reductions for other lines of insurance in addition to reductions for the private passenger automobile insurance line.

To protect consumers and to provide consistent direction to the insurance industry regarding misclassifications of risk resulting from the COVID-19 pandemic and to address certain issues raised in CFC's petition, Commissioner Lara hereby orders insurers to make an initial premium refund for the months of March and April to all adversely impacted California policyholders in the following lines of insurance, as quickly as practicable, but in any event no later than 120 days after the date of this Bulletin:
- Private passenger automobile insurance
- Commercial automobile insurance
- Workers' compensation insurance
- Commercial multiple peril insurance
- Commercial liability insurance
- Medical malpractice insurance
- Any other line of coverage where the measures of risk have become substantially overstated as a result of the pandemic.

If the COVID-19 pandemic continues beyond May, Commissioner Lara will send out a subsequent Bulletin to insurers and provide appropriate instructions.

Commissioner Lara grants each insurer reasonable flexibility in determining how best to quickly and fairly accomplish the refund of premium to policyholders. Insurers may comply with the premium refund order by providing a premium credit, reduction, return of premium, or other appropriate premium adjustment.

…

21.   In response to this initial bulletin from the California Insurance Commissioner, Safeco issued a one-time 15% refund on two months of automobile premiums. Even then, this

refund was woefully insufficient and allowed Safeco to keep at least half of the required refund in its own coffers.

22.   On May 15, 2020, the California Insurance Commissioner issued Bulletin 2020-4,[2] which extended the relevant time prior for Bulletin 2020-3, thereby requiring refunds into the coming months (beyond May) should stay-at-home orders at curtailed driving behavior have continued, which they did.

23.   On June 25, 2020, the California Insurance Commissioner issued Bulletin 2020-8,[3] which again extended the directives of the prior bulletins, requiring refunds for months subsequent to June 2020, as appropriate. At that time, the Commissioner clarified that "[a]lthough California recently began to ease stay at home restrictions, depending on the type of insurance product and the claims experience of each insurer, current circumstances justify continuing premium relief to certain policyholders to reflect accurately the current risk of loss." Safeco, however, did not provide any further refunds to "reflect accurately the current risk of loss."

24.   On March 11, 2021, the California Insurance Commissioner issued Bulletin 2021-03.[4] That bulletin made it clear that California insurance companies, like Safeco, had not returned nearly enough premium to their customers to reflect the decreased risk of loss in 2020:

> The public health "stay-at-home" orders and the resulting decrease in economic activity following the onset of the COVID-19 pandemic in March 2020 decreased the risk of loss for California insurance consumers in many lines of insurance. In response, I directed insurance companies to return a portion of premiums and to report data about their premium relief actions to the Department of Insurance (Department) for our review. To date, private passenger automobile insurance companies have returned more than $1.75 billion in premium for 2020 to California drivers through direct payments, credits, and future premium offsets. **However, based on extensive analysis of data received, the Department's review of this**

---

[2] https://www.insurance.ca.gov/0250-insurers/0300-insurers/0200-bulletins/bulletin-notices-commiss-opinion/upload/Bulletin-2020-4-Premium-Refunds-Credits-and-Reductions-in-Response-to-COVID-19-Pandemic.pdf
[3] http://www.insurance.ca.gov/0250-insurers/0300-insurers/0100-applications/rsb-forms/2020/upload/Bulletin2020-8_Released_June252020.pdf
[4] http://www.insurance.ca.gov/0250-insurers/0300-insurers/0200-bulletins/bulletin-notices-commiss-opinion/upload/Bulletin-2021-03-Premium-Refunds-Credits-and-Reductions-in-Response-to-COVID-19-Pandemic.pdf

**loss data demonstrates the premium relief that insurance companies provided to their policyholders was insufficient, leaving consumers paying inflated premiums while they continue to experience reduced risk of loss.**

…

The Department analyzed bodily injury, property damage, and collision data for the months of January through September 2020 for the top 10 Private Passenger Automobile groups in the state. Together, these groups represent over 80 percent of the private passenger automobile insurance market in California. Although some insurance companies demonstrably made a good faith effort to return premium to policyholders, some did not return enough. **Even worse, some insurance companies simply stopped returning premium altogether after June of 2020, although the pandemic still continues.**

The data collected by the Department demonstrates that, on average, insurance companies over-collected premium due to the lower loss exposures during the pandemic and did not return enough premium to drivers. If insurance companies do not supplement initial premium refunds from March through September of 2020, the premium refunds will fall short of an appropriate premium adjustment for private passenger automobile insurance by nearly half of the expected premium adjustment on average over that sevenmonth period. 1 These results are illustrated in the following refund graphic for the top 10 private passenger automobile (PPA) insurance groups in California:



In short, many California drivers have been paying overstated premiums that do not reflect the reduced risk of loss during the continuing pandemic.

> The Department's data analysis is consistent with a finding, recently reported to the California Automobile Assigned Risk Plan Advisory Committee, that California Low Cost Automobile incurred claims costs from March through November 2020 were considerably lower than previous years. **As a result, the Advisory Committee recommended premium refunds to Low Cost Automobile policyholders of 30% for the months of March, April, and May, followed by a 15% premium reduction for the months of June and July, and a 20% premium reduction for August through December.**

25. Accordingly, the California Insurance Commissioner directed insurance companies, like Safeco, "to return additional premium relief from March 2020 forward." Despite the Commissioner finding that refunds of 30% for the months of March, April, and May 2020 were due, Safeco never supplemented its 15% refund for those months. And, like the 2021 Bulletin noted, Safeco appears to be one of the "insurance companies [that] simply stopped returning premium altogether after June of 2020, although the pandemic still continues."

## OTHER INDEPENDENT STUDIES ALSO SHOW THAT SAFECO'S REFUNDS ARE INADEQUATE

26. The California Insurance Commissioner was not alone in finding that Safeco's 15% refund for some limited months in 2020 was inadequate. For instance, in May 2020, the Center for Economic Justice and the Consumer Federation of America released a report finding that "[m]otor vehicle data indicate a minimum average 30% premium relief payment [is] needed starting March 18, 2020 through May 2020, even after accounting for offsetting factors."[5] Clearly, the 15% refund that Safeco issued is inadequate.

27. Similarly, the UC Davis Road Ecology Center released a report in April 2020 that found that after Governor Newsom's shelter-in-place orders went into effect, "collisions and especially injury and fatality collisions have been reduced by half," and that "traffic volumes were up to 55% lower on certain highways."[6]

---

[5] https://consumerfed.org/wp-content/uploads/2020/05/Auto-Insurance-Refunds-COVID-19-Update-Report-5-7-20.pdf

[6] https://uc3-s3mrt5001-prd.s3.us-west-2.amazonaws.com/ark%3A/13030/m5dg1zq9%7C1%7Cproducer/COVID_CHIPs_Impacts_1.pdf?response-content-type=application%2Fpdf&X-Amz-Security-Token=IQoJb3JpZ2luX2VjEJ3%2F%2F%2F%2F%2F%2F%2F%2F%2F%2FwEaCXVzLXdlc3QtMiJGMEQCIBjrprus3EYhlpWYW1iXQKbrK3EDbz0E279zJjUSsiADAiAtLCEa5UO5Ip52CITrdAkKltAPpc%2B3Ndc4U5Ipj0jhmyqDBAjG%2F%2F%2F%2F%2F%2F%2F%2F%2F%2F8BEAAaDDQ1MTgyNjkxNDE1NyIMs9crhvbeSORFVA

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED                                                                 7

28.     In August 11, 2021, the Consumer Federation of America estimated that "[i]nsurers selling personal auto insurance reaped windfall profits of at least $29 billion in 2020 as miles driven, vehicle crashes and auto insurance claims dropped because of the pandemic and related government actions. Analyzing insurers' 2020 premium and claims results – and the limited 'premium relief' offered by insurers – the Consumer Federation of America (CFA) and Center for Economic Justice (CEJ) show that insurers collected $42 billion in excess premiums while providing only $13 billion in "premium relief.' Instead of returning the COVID windfall to consumers, insurers increased payouts to senior management and stockholders."[7]  It also estimated that California insures owed significantly higher than $3.5 billion in refunds.

29.     Safeco has at all times relevant herein known of the need to adequately refund its customers, but has steadfastly refused even after multiple orders from the California Insurance Commissioner.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on his own behalf and on behalf of a California class of similarly situated persons. Plaintiff seeks certification of the following class (the "Class"):

> All California residents who purchased personal automobile, motorcycle, or RV insurance from Safeco covering any portion of the time period from March 1, 2020 through March 1, 2021. Any judicial officer to whom the Action is assigned is excluded from the Class.

---

e6KtcDzLjJsMYhzm9Q%2BN41BwgcXXjAfPcnXqFQF%2FCJmm%2FCSAeR332990S4cALvHck2qv8Uxyk16ost9VIPUnDOU6Pq559NGc%2BrqlgM0XDCQvZ9G8s9MzABd4C5yXd9k37Vj987%2BPL4wKkOXVKFmr3rUALG%2FK%2FopqUsV9z5eid%2FHPfG6RY3S9SjpcWDexECS09FxmRizQvwKViCy%2FO6dieX8Wk0gEc9IKeyW41eDYLR65yPxNQCsMv67OiukdJxfAhVSvxYUYhcHfKm%2BtfOc6yu5aenmB27y4XnIIQxzU8EkAQb0Z8EdJD25dZHw2Q6Rwz45CD6p9CU4EyVoUToJBGSN9CqMjqMXriszLYccO9n5xr6MMwhYmXOf3gwAemDTQSSn2qJ6PocIobGnYE5xRSTfiRvl1sJZW%2FdurFL%2F%2F0RaeX%2BBBibAwL3rPy4w19ezS3X9DkzHTIxKpB1CwE%2FTZ9Ize9gPyZqrY7e2TzSbF0YMVcQez4FtIJcR5qqWdD%2FJyUgxlrHa8MyQG5v3HFFhsZTNYUnmL055gw5FRyYrqZyKvouNzZtaQJBOlkqBueqrEmWbtKuQw%2F9PlyA%2B9ZUd2BSsL1USRaLkV0fVE9jcoWjsji6GwuDzT7UQh1ZQMLODzI8GOqYB%2BVxEA1egY5Ht2Je5Hx9spVOK5hVnWEP9pFcW3Jvfy8I6B2I1Wxa76UPRa%2BKnoDl8sO1jJvl9bwVG33WvkPPjggqx72Dm3KaiSZEJC55Gosbt049b%2FIhfQJLk%2BvWIVke4WF9Mc4Q7RoSTyNs9KQAL7N2epFLB5ziODRdecoOuDzG5WFBrnRWZmclrCWGZfClGbd0S%2FIUCuWAQ%2FO0sXKRsgWb3rYsgrg%3D%3D&X-Amz-Algorithm=AWS4-HMAC-SHA256&X-Amz-Date=20220127T212108Z&X-Amz-SignedHeaders=host&X-Amz-Expires=14400&X-Amz-Credential=ASIAWSMX3SNWZZ6ROYUO%2F20220127%2Fus-west-2%2Fs3%2Faws4_request&X-Amz-Signature=c77c0b498711a85ccb0f8de018dc03e5e542a2bb4471ab3525b27e088eafbb4f

[7] https://consumerfed.org/press_release/auto-insurers-reaped-nearly-30-billion-pandemic-windfall-profit-in-2020-as-state-insurance-regulators-fail-to-protect-consumers/

31. <u>Numerosity of the Class</u>: The Class is composed of at least thousands of individuals who purchased insurance in California, the joinder of which in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court. The identities of individual members of the Class are ascertainable through Safeco's billing records.

32. <u>Existence and Predominance of Common Questions of Fact and Law</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class. The questions of law and fact common to the proposed Class predominate over questions affecting only individual class members. Such questions include, but are not limited to, the following:

  a. Whether Safeco adequately provided refunds to its California policyholders during the COVID-19 pandemic;

  b. Whether Safeco's failure to provide adequate refunds is unfair;

  c. Whether Plaintiff and the proposed Class members are entitled to restitution or refund of premiums;

  d. Whether Plaintiff and the proposed Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit; and

33. <u>Typicality</u>: Plaintiff is asserting claims that are typical of the proposed Class members' claims, having paid inflated premiums to Safeco, and having failed to have received adequate refunds. Plaintiff and the proposed Class members have similarly suffered harm arising from Safeco's violations of the law, as alleged herein.

34. <u>Adequacy</u>: Plaintiff is an adequate representative of the proposed Class. His interests do not conflict with, and are not antagonistic to, the interests of the members of that Class. Plaintiff will fairly and adequately represent and protect the interests of the Class.

35. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the proposed Class members' claims. Plaintiff and the

members of the proposed Class have suffered irreparable harm as a result of Safeco's unfair, unlawful, and unconscionable conduct. Because of the size of the individual Class members' claims, few, if any, proposed Class members could afford to seek legal redress for the wrongs complained of herein. Absent a class action, the proposed Class members will continue to suffer losses, and the violations of law described herein will continue without remedy, and Safeco will be permitted to retain the proceeds of its misdeeds. Safeco continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint.

## FIRST CAUSE OF ACTION
### Violation of California Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code § 17200 *et seq.*

36. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

37. Plaintiff brings this claim individually and on behalf of the members of the Class against Safeco.

38. Plaintiff and Safeco are "persons" as defined by § 17201.

39. Safeco's retention of, and failure to refund, premiums as alleged herein constituted unfair business acts and practices. The failure to refund adequate premiums is unfair because it allowed Safeco to retain refunds that are not based on an accurate assessment of risks, and was an unfair and unreasonable application of approved rates.

40. There is also no benefit to society or consumers from Safeco's failure to adequately refund its customers, and its conduct is substantially injurious to customers, and the gravity of its conduct is outweighed by any benefits. Further, consumers had no reasonable alternatives and could not have avoided Safeco's actions, as it was not known that Safeco or any other insurance companies would fail to appropriately refund premiums at the outset of the pandemic.

41. Safeco's failure to provide adequate refunds also offends California public policy that the cost of insurance be fair, transparent, and affordable. The California Insurance Commissioner's many public bulletins and directives ordering California car insurance

companies like Safeco to provide additional and adequate refunds further evidences this public policy as applied to the COVID-19 pandemic.

42.   Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Safeco alleged herein, and they lack an adequate remedy at law to address the unfair conduct at issue here. As a result of Defendant's failure to provide adequate refunds, Plaintiff and the members of the Class are entitled to restitution and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, prays:

A.   For an order certifying the Class and appointing Plaintiff and the undersigned counsel of record to represent the Class;

B.   For a permanent injunction enjoining Safeco, its partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them directly or indirectly, or in any manner, from in any way engaging in the unfair and unlawful practices and violations of law set forth herein;

C.   For full restitution of all funds acquired from Safeco's unfair business practices and other violations of law, including disgorgement of profits;

D.   For imposition of a constructive trust upon all monies and assets Safeco has acquired as a result of its unfair and unlawful practices;

E.   For costs of suit herein;

F.   For both pre- and post-judgment interest on any amounts awarded;

G.   For payment of reasonable attorneys' fees; and

H.   For such other and further relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| Dated: February 2, 2022 | Respectfully submitted, |
| | **BURSOR & FISHER, P.A.** |
| | By:  */s/ Yeremey Krivoshey* |
| | Joel Smith (State Bar No. 244902)<br>Yeremey Krivoshey (State Bar No. 295032)<br>1990 North California Boulevard, Suite 940<br>Walnut Creek, CA  94596<br>Telephone: (925) 300-4455<br>Facsimile:  (925) 407-2700<br>E-Mail: jsmith@bursor.com<br>           ykrivoshey@bursor.com |
| | *Attorneys for Plaintiff* |