1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SAM KURSHAN,                                 No.  2:22-cv-00225-DAD-AC

12                    Plaintiff,

13          v.                                      ORDER GRANTING DEFENDANT'S
                                                    MOTION TO DISMISS
14    SAFECO INSURANCE COMPANY OF
      AMERICA,                                      (Doc. No. 21)
15
                    Defendant.
16

17

18          This matter is before the court on a pending motion to dismiss filed by defendant Safeco

19    Insurance Company of America.  (Doc. No. 21.)  On June 6, 2022, defendant's motion was taken

20    under submission on the papers.  (Doc. No. 27.)[1]  For the reasons set forth below, the court will

21    ───────────────
      [1]  The undersigned apologizes for the delay in the issuance of this order.  This court's
22    overwhelming caseload has been well publicized and the long-standing lack of judicial resources
      in this district long-ago reached crisis proportion.  While that situation was partially addressed by
23    the U.S. Senate's confirmation of district judges for two of this court's vacancies on December
      17, 2021 and June 21, 2022, another vacancy on this court, with only six authorized district judge
24    positions, was created on April 17, 2022 and remains unfilled.  It has now been over thirty-seven
      months since this court has had its full complement of authorized district judges.  For over
25    twenty-two of those months the undersigned was left presiding over approximately 1,300 civil
      cases and criminal matters involving 735 defendants.  That situation resulted in the court not
26    being able to issue orders in submitted civil matters within an acceptable period of time and
      continues even now as the undersigned works through the predictable backlog.  This has been
27    frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their
28    counsel.

1    grant defendants' motion to dismiss.

2                                        **BACKGROUND**

3           On February 2, 2022, plaintiff Sam Kurshan initiated this putative class action lawsuit

4    against defendant Safeco Insurance Company of America ("Safeco") in this federal court pursuant

5    to 28 U.S.C. § 1332(d), on the grounds that diversity jurisdiction exists under the Class Action

6    Fairness Act.  (Doc. No. 1.)  Specifically, plaintiff alleges that the putative class contains at least

7    100 class members, minimal diversity of citizenship is met, and the amount in controversy

8    exceeds $5,000,000.  (*Id.* at ¶ 9.)

9           In the operative first amended complaint ("FAC"), plaintiff alleges as follows.  Plaintiff

10   purchased personal automobile insurance in California from Safeco prior to the start of the

11   COVID-19 pandemic and the government shutdown and stay-at-home orders that followed.

12   (Doc. No. 15 at ¶ 13.)  In March 2020, while plaintiff's automobile insurance policy was in effect,

13   the state of California and other states enacted shelter-in-place mandates.  (*Id.* at ¶ 4.)  As a result,

14   "[d]uring the duration of the COVID-19 pandemic in 2020, [plaintiff] . . . barely drove his

15   personal automobile at all and accordingly exposed his car, himself, and the general public to far

16   [fewer] risks than what was expected prior to the COVID-19 pandemic."  (*Id.* at ¶ 15.)

17          From April through June 2020, the California Insurance Commissioner ("CIC") Ricardo

18   Lara issued a series of bulletins (the "CIC bulletins") ordering insurers to make "initial premium

19   refund[s]" for certain months of the COVID-19 pandemic in 2020 "to all adversely impacted

20   California policyholders . . . [of] [private] automobile insurance."  (*Id.* at ¶¶ 20–23.)  In response,

21   defendant issued a "one-time 15% refund on two months of automobile premiums."  (*Id.* at ¶ 21.)

22          Plaintiff asserts that the 15% refund was "not sufficient to compensate [consumers] for the

23   overpayment of premiums" and "defies" the CIC bulletins.  (*Id.* at ¶¶ 1–2, 17, 25.)  Plaintiff

24   accordingly brings this class action on behalf of himself and a purported class of "[a]ll California

25   residents who purchased personal automobile, motorcycle, or RV insurance from [defendant]

26   covering any portion of the time period from March 1, 2020 through March 1, 2021."  (*Id.* at

27   ¶ 30.)  In his FAC, plaintiff asserts two claims:  (1) violation of California's Unfair Competition

28   Law ("UCL") pursuant to California Business & Professions Code § 17200, *et seq.*; and (2) unjust

1   enrichment.  (*Id.* at ¶36–48.)  Plaintiff seeks restitution from defendant and an order enjoining

2   defendant from engaging in the alleged "unfair and unlawful practices" described in the FAC.

3   (*Id.* at 12.)

4        Defendant filed the pending motion to dismiss on May 19, 2022.  (Doc. No. 21.)  On June

5   2, 2022, plaintiff filed his opposition to the pending motion, and defendant filed its reply thereto

6   on June 20, 2022.  (Doc. Nos. 26, 30.)  Defendant filed notices of supplemental authority on

7   September 28, 2022 and October 14, 2022.  (Doc. Nos. 34, 36.)  Plaintiff filed a notice of

8   supplemental authority on December 21, 2022.  (Doc. No. 37.)

9                                **LEGAL STANDARD**

10  **A.**     **Motion to Dismiss Pursuant to Rule 12(b)(1)**

11       "Federal courts are courts of limited jurisdiction and are presumptively without

12  jurisdiction over civil actions."  *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav.*

13  *Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing *Kokkonen v. Guardian Life Ins.*

14  *Co.,* 511 U.S. 375, 377 (1994)), *aff'd*, 997 F.3d 848 (9th Cir. 2021).  Federal courts "possess only

15  that power authorized by Constitution and statute, which is not to be expanded by judicial

16  decree."  *Kokkonen*, 511 U.S. at 377 (internal citations omitted).  Subject matter jurisdiction is

17  required; it cannot be forfeited or waived.  *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at

18  1156.  Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

19  court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

20       Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may

21  "challenge a federal court's jurisdiction over the subject matter of the complaint."  *Nat'l Photo*

22  *Grp., LLC v. Allvoices, Inc.*, No. 3:13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24,

23  2014).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the

24  challenger asserts that the allegations contained in a complaint are insufficient on their face to

25  invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)

26  (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  Here, because Safeco argues that the

27  allegations in plaintiff's FAC are insufficient for the invocation of federal jurisdiction over

28  plaintiff's claims for injunctive relief, Safeco mounts a facial attack under Rule 12(b)(1).

1    A party making a facial attack does not submit supporting evidence with the motion

2  because jurisdiction is challenged based solely on the pleadings.  *Howard Jarvis Taxpayers Ass'n*,

3  443 F. Supp. 3d at 1156; *see also Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d

4  1074, 1084 (N.D. Cal. 2019) ("[C]ourts do not consider evidence outside the pleadings when

5  deciding a facial attack.") (citation omitted).  "The district court resolves a facial attack as it

6  would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and

7  drawing all reasonable inferences in the plaintiff's favor, the court determines whether the

8  allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*,

9  749 F.3d 1117, 1121 (9th Cir. 2014).  The court need not assume the truth of legal conclusions

10  cast in the form of factual allegations.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136,

11  1139 (9th Cir. 2003).

12  **B.    Motion to Dismiss Pursuant to Rule 12(b)(6)**

13    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

14  sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

15  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

16  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

17  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

18  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

21  *Iqbal*, 556 U.S. 662, 678 (2009).

22    In determining whether a complaint states a claim on which relief may be granted, the

23  court accepts as true the allegations in the complaint and construes the allegations in the light

24  most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

25  *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not assume the truth

26  of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788

27  F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations,

28  "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*,

4

1  556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a

2  formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also*

3  *Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by

4  mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the

5  plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws

6  in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

7  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

8      In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

9  material which is properly submitted as part of the complaint, documents that are not physically

10  attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

11  necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d

12  668, 688–89 (9th Cir. 2001).

13                                    **ANALYSIS**

14      In its motion to dismiss, defendant argues that plaintiff's FAC must be dismissed because

15  plaintiff lacks standing to pursue injunctive relief; the CIC has exclusive jurisdiction over the

16  issues raised in this action; even if the CIC does not have exclusive jurisdiction, the California

17  Department of Insurance ("DOI") has *primary* jurisdiction over the issues raised in this case; and

18  plaintiff fails to state a cognizable UCL or unjust enrichment claim.[2]

19

---

20  [2]  Defendant has also filed a request for judicial notice of several exhibits, which include:  (1)
   plaintiff's 2021–2022 Safeco insurance policy; (2) CIC bulletins issued between April 2020 and
   March 2021; (3) a California DOI press release issued on March 11, 2021; (4) several Safeco rate

21  filings and memoranda in response to the CIC bulletins, all of which are publicly available on the
   State of California's website; and (5) the CIC's amicus brief filed in *Rejoice! Coffee Co., LLC v.*

22  *Hartford Fin. Servs. Grp.*, No. 3:20-cv-06789-EMC (N.D. Cal. Sept. 17, 2021).  (Doc. No. 21-4

23  at 3–4.)  Because plaintiff challenges defendant's actions with respect to an earlier-running
   insurance policy, not the 2021–2022 Safeco insurance policy, that policy is not incorporated by

24  reference into the FAC, nor is it a matter of public record.  Thus, the court denies defendant's
   request for judicial notice of that policy.  With respect to the Safeco rate filings and memoranda,

25  although plaintiff contends that the judicial notice of these exhibits would be improper, "rate
   filings made to . . . the California Department of Insurance . . . are public records noticeable

26  pursuant to Rule 201(b)."  *Perryman v. Litton Loan Servicing, LP*, No. 3:14-cv-02261-JST, 2014

27  WL 4954674, at *3 (N.D. Cal. Oct. 1, 2014); *see also Moreland Apartments Assocs. v. LP Equity*
   *LLC*, No. 5:19-cv-00744-EJD, 2019 WL 6771792, at *3 n.3 (N.D. Cal. Dec. 12, 2019) (finding

28  that documents that are "publicly available on government websites" are subject to judicial

1      **A.      Standing to Bring Claims for Injunctive Relief**

2      "[T]hose who seek to invoke the jurisdiction of the federal court must satisfy the threshold

3      requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

4      *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *see also City of Oakland v. Lynch*, 798

5      F.3d 1159, 1163 (9th Cir. 2015) ("A suit brought by a plaintiff without Article III standing is not

6      a 'case or controversy,' and Article III federal courts lack subject matter jurisdiction over such

7      suits.") (*quoting Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).  An actual case

8      or controversy will be held to exist when a plaintiff establishes standing.  *Lujan v. Defenders of*

9      *Wildlife*, 504 U.S. 555, 560 (1992).  "[S]tanding requires that (1) the plaintiff suffered an injury in

10     fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not

11     conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3)

12     the injury is 'likely' to be 'redressed by a favorable decision.'"  *Bates v. United Parcel Serv., Inc.*,

13     511 F.3d 974, 985 (9th Cir. 2007) (*en banc*) (citing *Lujan*, 504 U.S. at 560–61).  These factors

14     apply in the class action context.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016) ("That

15     a suit may be a class action . . . adds nothing to the question of standing . . . .") (quoting *Simon v.*

16     *Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).

17     "Standing must be shown with respect to each form of relief sought, whether it be

18     injunctive relief, damages or civil penalties."  *Bates*, 511 F.3d at 985.  "[T]o establish standing to

19     pursue injunctive relief . . . [plaintiff] must demonstrate a real and immediate threat of repeated

20     injury in the future."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)

21     (internal quotation omitted).  "Past exposure to illegal conduct does not in itself show a present

22     case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present

23     adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).  "Finally, a named plaintiff

24     must show that she herself is subject to a likelihood of future injury," rather than merely showing

25

26     notice).  The parties do not dispute that the remainder of defendant's request for judicial notice
       pertains to matters of public record.  Documents that constitute "matters of public record" may be
27     judicially noticed.  Fed. R. Evid. 201(b); *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048,
       1052 (9th Cir. 2007) (citing Fed. R. Evid. 201(b)).  Therefore, the court will take judicial notice
28     of defendant's remaining exhibits, but only as to the existence of those documents.

1    "that a defendant's conduct will subject unnamed class members to the alleged harm." *Phillips v.*

2    *Apple Inc.*, No. 5:15-cv-04879-LHK, 2016 WL 5846992, at *6 (N.D. Cal. Oct. 6, 2016) (citing

3    *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999)).

4            Here, defendant argues that plaintiff lacks standing to seek injunctive relief because he

5    "does not and cannot plead any facts establishing a sufficient likelihood of repetitive harm."

6    (Doc. No. 21-1 at 19.)  The court agrees.  Plaintiff asserts that he suffered an injury in fact due to

7    defendant failing to provide plaintiff with a sufficient refund for having overpaid insurance

8    premiums during shelter-in-place and stay-at-home orders imposed due to the COVID-19

9    pandemic in certain months of 2020. (Doc. No. 15 at ¶¶ 1, 17, 25.)  Plaintiff does not allege any

10   facts whatsoever suggesting that he faces "a real and immediate threat of repeated injury in the

11   future." *Chapman*, 631 F.3d at 946.  Plaintiff does not even address defendant's argument in this

12   regard in his opposition to the pending motion to dismiss, apparently conceding that he cannot

13   allege a likelihood of repeated injury. *See Lopez v. County of Los Angeles*, No. 3:15-cv-03804-

14   TEH, 2016 WL 54123, at *2 (N.D. Cal. 2016) ("[B]ecause Plaintiff failed to oppose many

15   arguments in the instant motion to dismiss, the Court may treat such non-opposition as implicit

16   consent to the merits of the arguments asserted, and consequently as consent to dismissal of the

17   Complaint.")  Because plaintiff has pled no facts alleging a likelihood of future harm, the court

18   finds that plaintiff lacks standing to seek injunctive relief in this case and will dismiss plaintiff's

19   injunctive relief claims, without leave to amend.

20           Given that plaintiff's alleged injury was tied to shelter-in-place orders that were unique to

21   a portion of time during the COVID-19 pandemic in 2020, the court deems that granting leave to

22   amend as to this aspect of plaintiff's complaint would be futile.  *See Brown v. Stored Value*

23   *Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (noting that leave to amend need not be granted

24   where amendment would be futile).

25   **B.      Whether the CIC has Exclusive Jurisdiction over Plaintiff's Claims**

26           Next, defendant argues that this court lacks jurisdiction over plaintiff's claims brought in

27   this action because his claims fall under the CIC's exclusive jurisdiction over the setting of

28   insurance rates.  (Doc. No. 21-1 at 11–12).  In his opposition, plaintiff disputes that his claims are

1    precluded by California's insurance rate approval process, arguing that plaintiff "is not

2    challenging approved [insurance] rates and rating factors," which would fall under the CIC's

3    exclusive jurisdiction, but rather is challenging "the application of approved rates," which fall

4    outside the ambit of the CIC's exclusive jurisdiction.  (Doc. No. 26 at 10.)

5         The California Insurance Code provides that "[i]nsurance rates subject to this chapter,"

6    including automobile insurance, "must be approved by the commissioner prior to their use."  Cal.

7    Ins. Code. § 1861.01(c).  Prior to changing an insurance rate, an insurer must file a "rate

8    application with the commissioner," and the California Code of Regulations "establish the

9    process and policies the Commissioner shall employ to determine whether the proposed rates are

10   excessive or inadequate."  Cal. Ins. Code § 1861.05(b); 10 Cal. Code Regs. § 2641.3.  "An

11   insured may challenge proposed or approved rates through administrative proceedings, which are

12   subject to limited judicial review."  *Day v. GEICO Cas. Co.*, 580 F. Supp. 3d 830, 836 (N.D. Cal.

13   2022) (citing Cal. Ins. Code §§ 1858, 1858.6.)

14        Pursuant to the California Insurance Code, no "action taken . . . pursuant to the authority

15   conferred by this chapter shall constitute . . . grounds for . . . civil proceedings under any other

16   law of this State . . . which does not specifically refer to insurance."  Cal. Ins. Code § 1860.1.

17   However, the California Insurance Code also provides that "[t]he business of insurance shall be

18   subject to the laws of California applicable to any other businesses, including . . . the antitrust and

19   unfair business practices laws."  *Id.* § 1861.03.  "California courts have clarified that, in the face

20   of this apparent contradiction, the sections are to be 'harmoniz[ed]' by 'narrowly construing the

21   section 1860.1 immunity."  *Day*, 580 F. Supp. 3d at 836 (quoting *Ellsworth v. U.S. Bank, N.A.*,

22   908 F. Supp. 2d 1063, 1082 (N.D. Cal. 2012)).  California courts have thus found that challenges

23   to approved insurance rates and rating factors are under the exclusive jurisdiction of the CIC,

24   while challenges to the *application* of approved rates are not within that exclusive jurisdiction.

25   *See id.* at 837 (citing cases).

26        As a preliminary matter, the court notes that this action is not the first federal action in

27   California challenging the adequacy of insurance refunds provided in light of the COVID-19

28   pandemic.  *See, e.g.*, *Day*, 580 F. Supp. 3d at 837.  The parties do not dispute that the district

1  courts in California that have considered the same issues as those presented in this action have

2  unanimously concluded that such claims are not within the exclusive jurisdiction of the CIC.  *See*

3  *id.* (holding that plaintiff's claims were not within the exclusive jurisdiction of the CIC because

4  plaintiff did not challenge "approved rates and rating factors" but rather the "application of

5  approved rates") (citation omitted); *Drawdy v. Nationwide Ins. Co. of Am.*, No. 2:22-cv-00271-

6  JAM-KJN, 2022 WL 3020050, at \*2 (E.D. Cal. July 29, 2022) (same); *Boobuli's LLC v. State*

7  *Farm Fire & Cas. Co.*, 562 F. Supp. 3d 469, 480 (N.D. Cal. 2021) (same); *Torrez v. Infinity Ins.*

8  *Co.*, No. 2:22-cv-05171-SVW-JC, 2022 WL 6819848, at \*4 (C.D. Cal. Oct. 11, 2022) (same);

9  *Rejoice! Coffee Co., LLC v. Hartford Fin. Servs. Grp., Inc.*, No. 3:20-cv-06789-EMC, 2021 WL

10  5879118, at \*6 (N.D. Cal. Dec. 9, 2021) (same).  While acknowledging the unanimous weight of

11  persuasive authority on this issue, defendant nevertheless asserts that "those decisions were

12  wrong" and points instead to decisions from Mississippi, New York, Nevada, and the Eighth

13  Circuit.  (Doc. No. 21-1 at 13, 16–17) (collecting cases).  However, the court finds that "these

14  decisions interpreting other state[s'] insurance codes have no bearing on the present analysis" of

15  plaintiff's claims, which are governed by California insurance law.  *Drawdy*, 2022 WL 3020050,

16  at \*2.  Moreover, the court agrees with the detailed exclusive jurisdiction analyses set forth by the

17  district judges in *Day*, *Boobuli's*, and *Rejoice!*, which distinguished the California caselaw cited

18  by defendant in its pending motion.  *See Day*, 580 F. Supp. 3d at 838; *Boobuli's*, 562 F. Supp. 3d

19  at 479–482; *Rejoice!*, 2021 WL 5879118, at \*5–\*7.  Thus, the court finds that plaintiff's claims

20  challenge the application of approved insurance rates, rather than the rates themselves, and

21  therefore, plaintiff's claims do not fall within the CIC's exclusive jurisdiction.

22  **C.      Dismissal Pursuant to the Primary Jurisdiction Doctrine**

23          Defendant also contends that the court should dismiss this action pursuant to the primary

24  jurisdiction doctrine.  The primary jurisdiction doctrine is a "prudential doctrine under which

25  courts may, under appropriate circumstances, determine that the initial decisionmaking

26  /////

27  /////

28  /////

9

1    responsibility should be performed by the relevant agency rather than the courts."[3]  *Syntek*

2    *Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002).  "The

3    doctrine is applicable whenever the enforcement of a claim subject to a specific regulatory

4    scheme requires resolution of issues that are 'within the special competence of an administrative

5    body.'"  *Davel Commc'ns., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1086 (9th Cir. 2006) (quoting

6    *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 778 F.2d 1365, 1370 (9th Cir. 1985)).  In

7    addition, the Ninth Circuit has explained that "the primary jurisdiction doctrine is designed to

8    protect agencies possessing 'quasi-legislative powers' and that are 'actively involved in the

9    administration of regulatory statutes.'"  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1115 (9th

10   Cir. 2008) (quoting *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1365 (9th Cir. 1987)).

11   "[N]o fixed formula exists for applying the doctrine of primary jurisdiction."  *Clark*, 523 F.3d at

12   1115.  Rather, "the doctrine of primary jurisdiction is committed to the sound discretion of the

13   court when 'protection of the integrity of the regulatory scheme dictates preliminary resort to the

14   agency which administers the scheme.'"  *Syntek*, 307 F.3d at 781 (quoting *Gen. Dynamics Corp.*,

15   828 F.2d at 1362).

16       "Where an issue falls within an agency's primary jurisdiction, the district court enables

17   'referral' of the issue to the agency."  *Davel*, 460 F.3d at 1087.  "In practice, this means that the

18   court either stays proceedings or dismisses the case without prejudice, so that the parties may

19

20   ────────────────
     [3]  "A court's invocation of this doctrine does not indicate that it lacks jurisdiction."  *Clark v. Time*
21   *Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008); *see also Kontrick v. Ryan,* 540 U.S. 443, 454
     (2004) ("Jurisdiction . . . is a word of many, too many, meanings.") (quoting *Steel Co. v. Citizens*
22   *for Better Env't,* 523 U.S. 83, 90 (1998)).  "Rather, the doctrine is a 'prudential' one, under which
     a court determines that an otherwise cognizable claim implicates technical and policy questions
23   that should be addressed in the first instance by the agency with regulatory authority over the
     relevant industry rather than by the judicial branch."  *Clark*, 523 F.3d at 1114.  While challenges
24   to the court's subject matter jurisdiction are appropriate for resolution under Rule 12(b)(1),
     prudential jurisdictional issues are appropriately resolved under Rule 12(b)(6).  *See Hull v. I.R.S.,*
25   *U.S. Dep't of Treasury*, 656 F.3d 1174, 1182 (10th Cir. 2011) ("Courts generally dismiss suits on
     prudential grounds pursuant to Rule 12(b)(6) for failure to state a claim rather than Rule 12(b)(1)
26   for lack of subject matter jurisdiction."); *see also Solarmore Mgmt. Servs., Inc. v. Bankr. Est. of*
     *DC Solar Sols.*, 2:19-cv-02544-JAM-DB, 2021WL 3077470, at *2 (E.D. Cal. July 21, 2021)
27   (explaining that a motion to dismiss for lack of prudential standing is appropriate for resolution
     under Rule 12(b)(6) rather than Rule 12(b)(1)).
28

1     seek an administrative ruling."  *Clark*, 523 F.3d at 1114.  "There is no formal transfer mechanism

2     between the courts and the agency; rather, upon invocation of the primary jurisdiction doctrine,

3     the parties are responsible for initiating the appropriate proceedings before the agency."  *Syntek*,

4     307 F.3d at 782 n.3.

5            As a preliminary matter, the parties in this case do not dispute that the court has the

6     authority to dismiss this action pursuant to the primary jurisdiction doctrine.  (*See* Doc. Nos. 21-1

7     at 17; 26 at 14–15.)  Rather, plaintiff disputes whether the court should exercise its discretion to

8     do so, arguing that applying the doctrine here is not "necessary" to protect the DOI's

9     administration of the state's insurance scheme.  (*See* Doc. No. 26 at 14–15.)  Having considered

10    plaintiff's argument in this regard, the court nonetheless agrees with defendant that plaintiff's

11    claims "implicate the same sort of technical and policy questions that the [CIC] regularly

12    considers when assessing premiums."  (Doc. No. 21-1 at 17.)

13           Plaintiff's FAC asks the court to consider CIC bulletins assessing the appropriateness of

14    premium refunds, as well as independent studies analyzing insurance company profits in 2020

15    measured against COVID-19 premium relief.  (*See* Doc. No. 15 at ¶¶ 20–28.)  "The pleadings

16    alone show that [plaintiff] is asking the court to engage in a technical inquiry:  how fair

17    [defendant's] risk calculation was in determining its premium rebate and ensuring that

18    [defendant] does not obtain an improper windfall."  *Torrez*, 2022 WL 6819848, at *4 (describing

19    a plaintiff's UCL claim challenging the adequacy of 15–20% rebates from an insurer in light of

20    the COVID-19 pandemic).  Moreover, the CIC "is actively engaged in COVID-19 related

21    premium adjustment" and thus would be well-equipped to consider plaintiff's allegations

22    advanced in this action.  *See Boobuli's*, 562 F. Supp. 3d at 484; *cf. Astiana v. Hain Celestial Grp.,*

23    *Inc.*, 783 F.3d 753, 761 (9th Cir. 2015) ("Common sense tell us that even when agency expertise

24    would be helpful, a court should not invoke primary jurisdiction when the agency is aware of but

25    has expressed no interest in the subject matter of the litigation.")  The CIC's expertise in and

26    active engagement with the precise issues raised by plaintiff in this action also suggest that the

27    referral of these issues to the DOI will "enhance court decision-making and efficiency by

28    allowing the court to take advantage of administrative expertise" and "will help assure uniform

11

1    application of regulatory laws." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1051

2    (9th Cir. 2000); *see also Astiana*, 783 F.3d at 760 (describing the primary jurisdiction doctrine as

3    rooted, in part, in "judicial efficiency") (quoting *United States v. Philip Morris USA Inc.*, 686

4    F.3d 832, 838 (D.C. Cir. 2012)).[4]

5         The court therefore concludes that it would be more appropriate for the CIC, which has

6    the relevant technical expertise, to first consider plaintiff's claims.  *See Drawdy*, 2022 WL

7    3020050, at *3 (applying the primary jurisdiction doctrine and granting motion to dismiss

8    plaintiff's claims challenging to adequacy of auto insurer's refunds provided in light of the

9    COVID-19 pandemic).

10        Accordingly, the court will grant defendant's motion to dismiss plaintiff's FAC without

11   prejudice, pursuant to the primary jurisdiction doctrine.  Because the court dismisses this action

12   pursuant to the primary jurisdiction doctrine, the court need not reach the remainder of

13   defendant's argument in support of dismissal pursuant to Rule 12(b)(6).

**CONCLUSION**

15        For the reasons set forth above:

16        1.    Defendant's motion to dismiss is granted in part as follows:

17              a.    Plaintiff's injunctive relief claims are dismissed due to plaintiff's lack of

18                    standing;

19              b.    All of plaintiff's remaining claims are dismissed, without prejudice,

20                    pursuant to the primary jurisdiction doctrine;

21              c.    Defendant's motion to dismiss is otherwise denied;

22        2.    This action is dismissed, without prejudice; and

23        3.    The Clerk of the Court is directed to close this case.

24        IT IS SO ORDERED.

25   Dated:    **January 26, 2023**                              _____

26                                                              UNITED STATES DISTRICT JUDGE

27

28   [4]  *See* fn. 1, above.

12